The opinion of the Court was delivered by
Withers, J.
Where by statute, or fixed rule of common law, a party is entitled to a right, the argument is ended — he must be sustained ex debito justicies. It cannot be affirmed, however, that this defendant has such a right as that, when, after accepting service of what was endorsed as a summary process, with the names of these parties, the nature of the cause of action, to wit, “sealed note $72 43” — the service accepted being to “Spring Term, 1850,” and dated 28th February of that year — decree against him, by default, was obtained at that term— the same entered up, and fi.fa. issued and lodged. No matter what may be the irregularity in the process, a motion to set aside the proceedings in toto, made at so late a period as March Term, 1853, must permit to the Court a discretion — -judicial discretion. When there is added (what we know from this cause having been here before,) that the defendant has been arrested on ca. sa. issued in this same case, given security, applied for discharge, filed schedule, undergone a trial before a commissioner and jury of questions raised — it avíII be more palpable, that discretion must be exercised. That discretion must be regulated by some end — it must not be arbitrary merely — and that end can be no other, than the advancement of justice between the parties — as it is, where the object is to enquire into the propriety of vacating a judgment in any other case, under ever-varying circumstances.
We are quite sensible of the embarrassment that is peculiar to questions of this kind. On the one hand, we see the danger *368 which always attends the exercise of discretion, and any encouragement which seems to be given to a slovenly practice ;— on the other, we should be appalled at the mischief which would inevitably spring from unsettling judgments — and overthrowing thern^ — by a free inquiry into defects in writs or other papers connected with previous steps in a litigation, while it is not doubtful that the defendant was fully apprised of the action, did not contest the demand, and both parties united in an act which was designed to make the defendant regularly a party in Court. How far a free exercise of power in setting aside, as utterly void, judgments, in such cases and for such reasons, might scatter ruin among those whose titles to property are derivable from them, who can foresee ? The various forms of mischief springing from such a source cannot be comprehended.
At the moment when Pope accepted service, it must, undoubtedly, be implied, that he authorized the plaintiff’s attorney to do, and cause to be done, whatever was necessary to make the process complete and perfect. If he had appeared at the term next ensuing, and had shown, that this had been done after his acceptance, the objection could not have prevailed ; and if, at that time^ he had objected that it had not been done at all, there can be no doubt, that the Court would have granted the motion which was granted at the last term. (Smith vs. Alston, 1 Mill. 104.) Is the motion to set aside and annul the whole proceedings, founded on objections to the process, at this late period, more meritorious than a like motion would have been, commended by the virtue of vigilance, at the earliest period ? The reverse seems to be the conclusion authorized by reason and authority. “ Where is the Court to stop 1 (said C. J. Eyre, Chapman vs. Snow, 1 Bos. & P. 132.) Here the process is bad: the party does not come in the first instance, but does a voluntary act by perfecting special bail: the cause goes on, with a total disregard to what is passed; the bail to the sheriff are discharged and the whole of that proceeding is gone: shall the defendant now be allowed to apply to us to discharge the special bail, and introduce common bail in their place 1 I think he *369 should not be heard.” “ By putting in bail (said Kenyon, C. J., D'Argent vs. Vivant, 1 East, 330,) a defendant waives every objection to the process and he added, in another place, that such waiver is implied, “ when a defendant has .voluntarily done an act submitting to such process instead of taking steps to avail himself of such irregularity, which ought always to be done in the first instance.” Tide also the case of Downes vs. Witherington, 2 Taunt. 243. Much stress is laid, in many English cases and in some of our own, upon the consideration, that the plaintiff has incurred the expenses of proceeding upon a process which could be overthrown if attacked in proper time — that his situation would be greatly the worse when he might lose all the benefit of bail above — and indeed every advantage of his judgment. If the defendant’s motion should be indulged, there may, in many cases, be the bar of the statute of limitations interposed to another proceeding on the same cause of action. We think that reason reinforces the authorities upon this subject, and that all the force of those cases which dwell upon acquiescence and long delay is eminently adverse to the defendant, Pope.
Though the case would have been stronger against him, in some aspects, if he had appeared and pleaded, because then the waiver would have been most palpable, yet, considering the various and stringent steps taken by the plaintiff against him upon this very judgment and all that he has done, on his own part, it would be a dangerous precedent to say that he has not recognized the full validity of these proceedings, and warranted the Circuit Court in permitting the perfection of the summary process.
It is not the case of one who never was made party — never served; — nor the case of an incurable defect, nor yet a case where fraud is alleged.
Believing that a competent power was discreetly exercised on Circuit, the motion is dismissed.
Wardlaw, Frost, Whitner and Glover, JJ., concurred.

Motion dismissed.